UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-435(DSD/HB)

Minneapolis Trailer Sales, Inc.,
Keith Kornovich and Mark Kornovich,

Plaintiffs,

v.

**ORDER**

The Lincoln National Life Insurance Company,

Defendant/Third-Party Plaintiff,

v.

Universitas Education, LLC and
Grist Mill Trust Welfare Benefit Plan,

Third-Party Defendants.

Kristin B. Rowell, Esq., Anthony Ostlund Baer & Louwagie, PA, 90 South 7th Street, Suite 3600, Minneapolis, MN 55402, counsel for plaintiffs.

Jeffrey Mason, Esq., Stinson Leonard Street, LLP, 150 South 5th Street, Suite 2300, Minneapolis, MN 55402, counsel for defendant/third-party plaintiff.

Paula Colbath, Esq., Loeb & Loeb, LLP, 345 Park Avenue, New York, NY 10154 and Rory D. Zamansky, Esq., Zelle Hofmann Voebel & Mason , LLP 500 Washington Avenue South, Suite 4000, Minneapolis, MN 55415, counsel for third-party defendants.

This matter is before the court upon the motion to dismiss or transfer by third-party defendant Universitas Education, LLC. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

## BACKGROUND

This dispute arises out of two life insurance policies currently owned by third-party defendant Grist Mill Trust Welfare Benefit Plan (GMT). In 2005, plaintiff Minneapolis Trailer Sales, Inc. (MTS) agreed to participate in the GMT and made annual contributions to the Trust on behalf of certain MTS employees. Compl. ¶¶ 7-8. GMT used the contributions to purchase life insurance from Jefferson Pilot,[1] listing MTS shareholders and employees, plaintiffs Mark and Keith Kornovich as insureds. Id. ¶¶ 2, 3, 9. GMT holds the policies in trust for the Kornovichs. Id. ¶ 9. In August 2014, plaintiffs requested that GMT transfer ownership of the policies to the Kornovichs. Id. ¶ 13. GMT agreed to do so and, on August 26, 2014, formally requested that Lincoln effectuate the transfer. Id. ¶ 14.

The next day, Universitas, a judgment creditor of GMT, filed a "restraining notice" in Universitas Education, LLC v. Nova Group, Inc., Case Nos. 11-1590-LTS and 11-8726-LTS (S.D.N.Y.) (Nova), purportedly barring Lincoln and other entities from "permitting any sale, assignment or transfer of any property in which the Grist Mill Trust has an interest." Rowell Aff. Ex. 9, at 2. To comply with the restraining notice, Lincoln has not changed

---

[1] In 2006, Jefferson Pilot merged with defendant and third-party plaintiff Lincoln National Life Insurance Company. Id. ¶ 10. The policies are now identified by Lincoln Financial Group Policy Nos. 546103549 (Keith) and 546103551 (Mark). Id. ¶ 11.

ownership of the policies. Am. Third-Party Compl. ¶ 13. Plaintiffs made a special appearance in Nova as interested parties, and filed a motion to compel Lincoln to turn the policies over to them. Id. ¶ 14. The court denied the motion, finding that it was "attenuated" and well beyond the scope of the court's ancillary jurisdiction. Rowell Aff. Ex. 16, at 5. The court dismissed plaintiffs from the case without prejudice. Id. at 7.

On January 5, 2015, plaintiffs filed the instant suit against Lincoln seeking a declaration that they are owners of the policies and alleging breach of contract by Lincoln due to its failure to transfer the policies. Lincoln responded by bringing a third-party interpleader claim against Universitas and GMT under 28 U.S.C. § 1335, requesting a declaratory judgment regarding ownership of the policies.[2] Universitas now moves to dismiss the third-party complaint for failure to comply with the interpleader statute or, in the alternative, to transfer the entire matter to the United States District Court for the Southern District of New York.

## DISCUSSION

### I. Motion to Dismiss

A court must dismiss an action over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). In a facial

[2] Lincoln does not take a position as to ownership of the policies.

challenge under Rule 12(b)(1), the court accepts the factual allegations in the pleadings as true and views the facts in the light most favorable to the nonmoving party. See Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008); see also Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) ("The nonmoving party receives the same protections [for facial attacks under Rule 12(b)(1)] as it would defending against a motion brought under Rule 12(b)(6)."). In considering a facial 12(b)(1) challenge, the court limits its inquiry to the pleadings. Osborn, 918 F.2d at 729, n.6. The pleadings, however, include matters of public record. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

Universitas argues that the court lacks subject matter jurisdiction over the third-party claim because Lincoln has not satisfied § 1335's deposit requirement. Universitas, while acknowledging that no transfer has occurred, asserts that Lincoln must pay the accumulated cash value of the policies - nearly $1,000,000 - to meet the deposit requirement. Lincoln responds that because ownership of the policies, rather that their value, is at stake, it may deposit its copy of the policies with the court and/or post a bond in the amount of $500. Section 1335 provides, in relevant part,

> The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any ... corporation ... having in ... its custody or possession money or property of the

> value of $500 or more, or having issued a ... policy of insurance ... of value or amount of $500 or more, ... if
>
> (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335(a) (emphasis added). "The determination of what 'property' is to be deposited under Tit. 28 § 1335 depends upon the person who invokes interpleader and what he asserts to be the subject matter of the controversy." Kitzer v. Phalen Park State Bank of St. Paul, 379 F.2d 650, 652 (8th Cir. 1967).

In the amended third-party complaint, Lincoln expressly "interpleads ownership and control of the Policies." Third-Party Am. Compl. ¶ 31. Universitas's arguments that the accumulated cash value of the policies are instead at issue, and thus should be deposited with the court, are unpersuasive.[3] Further, requiring Lincoln to deposit the cash value of the policies with the court,

---

[3] The court notes that Universitas's position has been inconsistent. For example, Universitas first prevented transfer of the policies by serving Lincoln with the restraining notice. Rowell Aff. Ex. 9. Universitas then reversed course mid-briefing, advising the court that it would "lift the restraining notice and permit the transfer." ECF No. 58, at 4. But then, at oral argument, Universitas represented that it filed an emergency application in New York to extend the term of the restraining notice, which may further prevent transfer of the policies. Hr'g Tr. at 26:15-27:10.

in addition to paying future death benefits, would expose Lincoln to double liability. The interpleader statute is specifically designed to prevent such a result. See Gaines v. Sunray Oil, 539 F.2d 1136, 1141 (8th Cir. 1976) ("Interpleader is a procedural device whereby a party holding money or property concededly belonging to another may join in a single suit two or more parties asserting mutually exclusive claims to the fund. The stakeholder is thereby freed from the threat of multiple liability and/or the vexation of multiple lawsuits.").

Because ownership of the policies, rather than their value, is at issue, the court finds it unnecessary to require Lincoln to deposit their accumulated value into the court registry. The court instead orders Lincoln to post a surety bond in the amount of $500, along with its copies of the policies. See Kitzer, 379 F.2d at 653-54 (upholding deposit of bond in lieu of value of shares of stock at issue).

**II. Motion to Transfer**

Universitas argues that, if the case is not dismissed, it should be transferred under 28 U.S.C. § 1404(a) to the Southern District of New York so that it may be consolidated with other similar cases pending there.[4]

---

[4] The consolidated cases are not part of the Nova litigation. See The Penn Mut. Life Ins. Co. v. Kehoe, Civ. No. 15-111 (S.D.N.Y.) and Life Ins. of the Sw. v. Kehoe, Civ. No. 15-4594 (S.D.N.Y.).

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Deciding whether to order a transfer under § 1404(a) "require[s] a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). The relevant factors fall generally into three categories: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. Id. There is, however, "no exhaustive list of specific factors to consider ...." Id. "Whether an action might be brought in a district depends on personal and subject-matter jurisdiction, venue and service of process." Fisher v. Wyeth, No. 04-3107, 2011 WL 797449, at *2 (D. Minn. Feb. 28, 2011).

Plaintiffs contest personal jurisdiction in New York, asserting that they have no contacts there and that the underlying facts and circumstances occurred in Minnesota. See Kornovich Aff. ¶¶ 4-6. Universitas disagrees, arguing that (1) plaintiffs have submitted to specific personal jurisdiction in New York given their appearance as interested parties in Nova, and (2) the interpleader statute provides the basis for nationwide personal jurisdiction over this case as a whole. Neither argument is persuasive.

Plaintiffs' appearance as interested parties in a related -

but separate - lawsuit in New York is insufficient to establish jurisdiction there for purposes of this case. A forum state has specific jurisdiction when the cause of action "arise[s] out of" or "relate[s] to" a party's activities within that state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (citation and internal quotation marks omitted). In other words, specific jurisdiction is "appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the [party] purposely directed its activities at the forum state and the claim arose out of or relates to those activities." Steinbuch v. Cutler, 518 F.3d 580, 586 (8th Cir. 2008). That standard is not met here. Plaintiffs' only apparent connection to New York is their involvement in Nova, through which they sought to resolve the same dispute presented here. As a result, plaintiffs' injury does not arise out of or relate to their appearance in New York. Nor have plaintiffs otherwise consented to jurisdiction in New York beyond the scope of the Nova proceedings.

The interpleader statute is likewise unavailing to establish jurisdiction over plaintiffs in New York. Although Universitas is correct that § 1335 allows for nationwide service of process on, and thus personal jurisdiction over, parties to such a claim, plaintiffs are not parties to that claim. See 28 U.S.C. § 2361 ("In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may

issue its process for all claimants ....”) (emphasis added). Under the current posture of the case, there is no basis to find that plaintiffs are subject to jurisdiction in New York. Although the interpleader statute establishes jurisdiction over Universitas in Minnesota for purposes of this case, it does not establish jurisdiction over other parties in fora otherwise lacking jurisdiction. That is particularly so with respect to plaintiffs who are not parties to the interpleader aspect of the case and have not been served process relating to that claim.

Even if transfer were possible, however, the court would be disinclined to grant the motion given that Minnesota is no more or less convenient to the parties or witnesses than New York. Nor is the court convinced that the possibly related proceedings in New York are so similar that the interests of justice favor transfer of this case for consolidation.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss or to transfer venue [ECF No. 30] is denied;

2. Third-party plaintiff shall deposit its copies of the policies in the court registry; and

3. Third-party plaintiff shall also post a bond in the court registry in the amount of $500.

Dated: September 21, 2015.

s/David S. Doty
David S. Doty, Judge
United States District Court